IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Allen Wright, #255697, | ) | C/A No. 1:11-2199-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Jason Webber; R.L. Turner; Tim Riley; Ann Hallman; Mary Coleman; Dennis Patterson; Christine Thompson; Gary Lane; Major Parrish; Mrs. Middlebrooks; Debra Maness; Mary McCabe; Lt. Bates; Mrs. Whitner; Jerry Alexander; Principal Morrow; Michael Fowler; P. Crider, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Perry Correctional Institution ("PCI") and names employees of the South Carolina Department of Corrections ("SCDC") as defendants. This matter comes before the court on Plaintiff's motions for preliminary injunctions [Entry #3, #4], in which he requests a court order that: (1) prohibits Defendant Turner from adjudicating his disciplinary hearings; (2) requires SCDC officers to respond to all requests to staff; and (3) requires the SCDC to preserve the tape from Plaintiff's March 15, 2010 and July 28, 2010 disciplinary hearings. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because

the motions are dispositive, this Report and Recommendation is entered for the district judge's consideration.

As an initial matter, "[p]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----, ----, 129 S.Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1] A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 129 S.Ct. at 376; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 129 S.Ct. at 374–76; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, — U.S. —, 130 S.Ct. 876 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

the balance of equities tips in the plaintiff's favor. *See Real Truth*, 575 F.3d at 346-47.[2]

Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 129 S.Ct. at 376-77).

By statute, the Prison Litigation Reform Act grants courts the authority to enter a temporary restraining order or an order for preliminary injunctive relief in civil actions concerning prison conditions. However,

> [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief. Preliminary relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a) (1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

18 U.S.C. § 3626(a)(2).

Traditionally, preliminary injunctions are sought to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp.*

---

[2] Based on *Winter*, the *Real Truth* Court expressly rejected and overruled *Blackwelder*'s sliding scale approach that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 129 S.Ct. at 375-76.

*Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003). Mandatory preliminary injunctions, in comparison, compel action. The Fourth Circuit explained:

> "Mandatory preliminary injunctions [generally] do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). That is to say, a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind.

*Id.* at 526.

After reviewing the record in this case, the court finds that Plaintiff has not demonstrated a clear likelihood of success on the merits or that he is likely to be irreparably harmed absent injunctive relief. With regard to the disciplinary hearings, Plaintiff has asserted only bare allegations that Turner has acted arbitrarily in conducting disciplinary hearings and has not supported his allegations with facts or evidence. Additionally, Plaintiff has failed to show that he will be irreparably harmed if he is not awarded injunctive relief.  Although he complains about the denial of visitation and telephone privileges, he has no constitutional right to these privileges.

Plaintiff also wants SCDC officers to be compelled to respond to written requests to staff.  Defendants argue that SCDC employees receive "hundreds, if not thousands" of requests to staff each day and requiring them to respond to each request would place an incredible burden on the SCDC. [Entry #37 at 2]. As there is no constitutional right to a grievance process, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994), Plaintiff has not

demonstrated the he is likely to succeed on the merits or that he will be irreparably harmed if injunctive relief is not ordered.

The Supreme Court has repeatedly stressed the need to provide wide-ranging deference to prison administrators in matters of prison management. *See Beard v. Banks*, 548 U.S. 521, 528 (2006); *Overton v. Bazzetta*, 539 U.S. 126, 131–32 (2003). Even if Plaintiff could establish clear likelihood of success on the merits or that he is likely to be irreparably harmed absent injunctive relief, he has not shown that the balance of harm, assuming any, tips in his favor. *See Wetzel*, 635 F.2d at 288 ("The possible injury to the [prison administrators] if the preliminary injunction stands is potentially grave."). Finally, Plaintiff cannot justify the public harm that would occur if the court were to usurp prison administrators' decision making regarding items such as prison assignments based on the assertions before the court. *Id.* at 290; *Real Truth*, 575 F.3d at 347 (discussing the importance of the public interest requirement). Plaintiff's vague and conclusory statements are simply insufficient to warrant the extraordinary remedy of injunctive relief Therefore, the undersigned recommends Plaintiff's first motion for injunctive relief [Entry #3] be denied.

Plaintiff also requests an injunction requiring Defendants to preserve the tape from his March 15, 2010 and June 28, 2010 disciplinary hearings. Defendants have responded that, to the extent the tapes have not been recorded over, they will maintain and preserve the tapes. Plaintiff has not shown that he will suffer irreparable damage if an injunction does not issue, as Defendants already have a legal duty to preserve existing evidence

when a lawsuit is filed. *See McNair v. Ozmint*, C/A No. 3:07-3470-HFF-JRM, 2008 WL 2128121, *4 (D.S.C. May 20, 2008) (denying a motion for a temporary restraining order to preserve cassette tapes because there already existed a duty to preserve material evidence); *see also Silvestri v. General Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001). Therefore, it is recommended that Plaintiff's second motion for a preliminary injunction [Entry #4] also be denied.

    IT IS SO RECOMMENDED.

November 10, 2011                                               Shiva V. Hodges
Florence, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**