IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Allen Wright, | ) | C/A No.: 1:11-2199-TLW-SVH |
|       Plaintiff, | ) | |
| vs. | ) | |
| Jason Webber, RL Turner, Tim Riley, Ann Hallman, Mary Coleman, Dennis Patterson, Christine Thompson, Gary Lane, Major Parrish, Mrs. Middlebrooks, Debra Maness, Mary McCabe, Lt. Bates, Mrs. Whitner, Jerry Alexander, Principal Morrow, Michael Fowler, P. Crider, | ) | ORDER |
|       Defendants. | ) | |

Plaintiff, proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Perry Correctional Institution. Before the court are the following motions: (1) Plaintiff's motion for subpoenas [Entry #80]; (2) Defendants' motion to stay discovery [Entry #84]; and (3) Plaintiff's motion for extension of time [Entry #79]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I.     Factual Background

Plaintiff asserts numerous claims including being prohibited from presenting a defense at a disciplinary hearing, wrongful conviction of discipline charges, and illegal confinement. [Entry #1]. He also asserts many conditions-of-confinement claims

including denial of access to the courts; retaliation for filing inmate grievances; denial of showers and out-of-cell recreation; denial of meals if he did not shave; denial of hygiene items; and being forced to expose his genitals to the opposite sex and suffer taunts and humiliation. *Id.* 9–17. Plaintiff seeks compensatory damages, punitive damages, and injunctive relief. *Id.* at 19–20.

II. Discussion

A. Motion for Subpoenas

Plaintiff requests twenty witness subpoena forms and instructions, but does not state who he intends to subpoena or for what purpose. [Entry #80]. Additionally, Plaintiff has failed to submit the necessary witness fees. Although Plaintiff has been granted in forma pauperis status, it is well-settled that a grant of such status does not mean that an "in forma pauperis plaintiff's discovery [or other court] costs either are underwritten or are waived." *Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991). The *Badman* case involved an indigent plaintiff seeking issuance of a subpoena duces tecum to be served on a third-party. The court specifically held that the plaintiff must simultaneously tender fees allowed by law with the service of the subpoena. *Id.* Several circuit courts have held that district courts should decline to issue subpoenas for indigent plaintiffs in § 1983 cases without payment of the costs. *See, e.g., Boring v. Kozakiewicz*, 833 F.2d 468, 473–75, (3rd Cir. 1987) (district court not required to pay for expert medical witness); *Johnson v. Hubbard*, 698 F.2d 286, 289–91 (6th Cir. 1983) (lower courts have no duty to pay for witness fees in civil, non-habeas corpus cases); *see generally United States Marshals Service v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984)

(en banc ) (in forma pauperis grant under § 1915 does not require courts of the United States to pay witness fees and other costs for indigent plaintiffs in § 1983 actions); *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983). Therefore, because Plaintiff has not tendered the fees for service of the subpoenas[1] and has not demonstrated the relevance of the requested subpoenas, Plaintiff's motion for subpoenas [Entry #80] is denied.

B. Motion to Stay Discovery

Defendants have moved to stay any further discovery in this action on the grounds that the discovery already served by Plaintiff is overly burdensome. [Entry #84 at 2]. Defendants further argue that the time for discovery expired on January 16, 2012. *Id.*

The court is not persuaded by Defendants' arguments. Defendants do not attach the allegedly-burdensome discovery requests or otherwise describe them aside from complaining about their number. Given that this case involves eighteen defendants and numerous inter-related claims, the court finds that the mere number of discovery requests by Plaintiff to date does not appear overly burdensome.

Furthermore, Defendants are mistaken regarding the discovery deadline. Although the Scheduling Order issued on November 16, 2011 [Entry #43] included a discovery deadline of January 16, 2012, that deadline was amended on January 18, 2012. [Entry #68]. The current discovery deadline is March 29, 2012. *Id.* Consequently, the additional discovery was served by Plaintiff within the discovery period.

---

[1] The undersigned notes, without deciding, that Plaintiff would not necessarily be entitled to the subpoenas if he had tendered or does tender the requisite fees.

For the foregoing reasons, Defendants' motion to stay discovery is denied. Defendants are ordered to respond to any outstanding discovery requests by April 4, 2012.

C. Motion for Extension of Time

In response to Defendants' motion for summary judgment, Plaintiff argues summary judgment would be improper because discovery has not been completed. [Entry #79]. The court interprets Plaintiff's response as a motion for extension of time in which to respond substantively to the motion for summary judgment. In light of the outstanding discovery requests to Defendants, the court grants Plaintiff's motion for extension of time. Plaintiff is directed to file a response to Defendants' motion for summary judgment by April 18, 2012.

IT IS SO ORDERED.

March 21, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge